# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JORGE ENRIQUE HERNANDEZ MORA,

     Petitioner,

v.

WARDEN, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director of Immigration and Customs Enforcement and Removal Operations, El Paso Field Office; ACTING DIRECTOR, of Immigration and Customs Enforcement; ACTING U.S. ATTORNEY GENERAL; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

     Respondents.

Case No. 2:26-cv-01742-MIS-KRS

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Jorge Enrique Hernandez Mora's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 29, 2026. Respondents Mary De Anda-Ybarra, Acting Director, U.S. Immigration and Customs Enforcement, Acting U.S. Attorney General, and Markwayne Mullin ("Federal Respondents"),[1] filed a Motion to Dismiss on June 15, 2026, ECF No. 6.

Respondents argue that Petitioner's claim is precluded under 28 U.S.C. § 2244(b) because he previously filed a similar petition in the U.S. District Court for the Western District of Texas, which was denied. Id. at 1-4.

---

[1] Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

The Court summarily rejects Respondents' argument that the Petition is barred by § 2244 as a second or successive habeas petition. Khan v. Secretary, Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at \*2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that §2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees.") (citing Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010) (holding that because certain detainees, including alien detainees, "are not 'in custody pursuant to a judgment of a court of the United States,' § 2244(a) does not apply to them")).

Ultimately, the Court finds that Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States. Mot. at 1-4, ECF No. 6.  As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.     Respondents' Motion to Dismiss is **DENIED**;

2.     Petitioner Jorge Enrique Hernandez Mora's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner from detention;

3.     Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.     Respondents **SHALL NOT** impose any new condition of release;

5.     Respondents **SHALL** file a Notice of Compliance with this Order; and

6.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3